UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | CASE NO: 3:18-CR-0099 |
| v. | : | (JUDGE: RICE) |
| JAMAHL EVANS, | : | **MOTION TO SUPPRESS** |
| Defendant. | : | **EVIDENCE & STATEMENTS** |

*KORDALIS*
*LAW OFFICE, LLC.*

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

Now comes the Defendant, by and through counsel, and hereby respectfully asks this Court, pursuant to Fed. R. Crim. P. 12(b)(3)(C)), for an order suppressing any evidence which the Government may seek to introduce at trial on the grounds that said evidence is the fruit of an unconstitutional search in violation of the rights guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Further, the Defendant requests permission to supplement this motion with additional facts and information that may be obtained in discovery and in cross-examination of the Government's witnesses.

Defendant requests an oral hearing.

Respectfully submitted,

/s/ Karl Kordalis
KARL KORDALIS 0089697
**KORDALIS LAW OFFICE, LLC**
Attorney for Defendant
130 W. Second Street, Ste. 1818
Dayton, OH 45402
P: (937) 224-1212; F: (937) 226-1224
E-mail: kkordalis@kordalis-law.com

### I. ANY AND ALL EVIDENCED SEIZED BY LAW ENFORCEMENT MUST BE SUPPRESSED BECAUSE IT WAS OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSITUTION.

It is well established that the Fourth Amendment protects an individual from unreasonable governmental intrusion where there is an expectation of privacy. *Katz v. United States*, 389 U.S. 347, 351, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). It is axiomatic that the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *United States v. United States District Court*, 407 U.S. 297, 313, 92 S. Ct. 2125; 32 L. Ed. 2d 752 (1972). For that reason, searches and seizures inside a home without a warrant are presumptively unreasonable. *Coolidge v. New Hampshire*, 403 U.S. 443, 474-475 (1971), *Payton v. New York*, 445 U.S. 573, 586, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980). Thus, the Fourth Amendment prohibits the warrantless entry and search of a home absent exigent circumstances. *Payton* at 589-590. Exigent circumstances are situations where "real, immediate, and serious consequences" will "certainly occur" if a police officer postpones action to obtain a warrant. *United States v. Williams,* 354 F.3d 497, 503 (6th Cir. 2003)

*KORDALIS LAW OFFICE, LLC.*

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

(quoting *Welsh v. Wisconsin,* 466 U.S. 740, 104 S. Ct. 2091, 80 L. Ed. 2d 732 (1984)). It is the Government who bears the "heavy burden" of proving the existence of a legitimate exigency. *Welsh* at 749-750.

Courts have recognized that exigent circumstances exist where there is a risk of danger to police or others. *Williams* at 503; *United States v. Johnson,* 22 F.3d 674, 680 (6th Cir. 1994). However, in order to show that the warrantless entry and search of a residence was justified based upon a risk of danger, the Government must show that "there was a risk of serious injury posed to the officers or others that required swift action." *United States v. Whren,* 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). More specifically, a "risk of danger" exists where the officers have a reasonable belief that a suspect in the home has a weapon and the officers can demonstrate that the suspect had a willingness to use the weapon. *Causey v. City of Bay City,* 442 F.3d 524, 529 (6th Cir. 2006). Evidence that firearms are within a residence, by itself, is not sufficient to create an exigency to officers when executing a warrant. *United States v. Nabors,* 901 F.2d 1351, 1354 (6th Cir. 1990).

In *United States v. Bates*, the Court affirmed the trial court's suppression of evidence finding the officers lacked any exigent circumstances to enter the house without a warrant. *United States v. Bates,* 84 F.3d 790 (6th Cir. 1996). Even though the officers believed that the suspect had a handgun in his residence, they possessed no specific information suggesting that the suspect was likely to use the weapon or become violent. *Id.* at 795-796. Without any

*KORDALIS*
*LAW OFFICE, LLC.*

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

threats from the defendant or information on the defendant's criminal history or reputation for violence, there was no reasonable basis for the officers to claim they were faced with a situation where their safety was placed in jeopardy due to the presence of a handgun in the apartment. *Id.*

The exclusionary rule was adopted to effectuate the Fourth Amendment right of all citizens to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding. This prohibition applies as well to the fruits of the illegally seized evidence. *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961); *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1962). In this case, the fruits of the poisonous tree doctrine should be applied to exclude any evidence found in Mr. Evan's home because the seizure was a result of an unconstitutional search.

## II. ANY AND ALL STATEMENTS MADE BY THE DEFENDANT MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSITUTION.

A citizen's privilege against self-incrimination is guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. In order to combat the pressures inherent to arrest and provide the accused a full opportunity to exercise the privilege against self-incrimination "the accused

*KORDALIS LAW OFFICE, LLC.*

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored." *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Disclosure of the basic rights recognized in *Miranda* is required in order to have a voluntary waiver of the fifth amendment right against self-incrimination. *Id.; State v. Torres*, 67 Ohio App. 3d 268, 586 N.E.2d 1153 (1990).

Federal Courts have followed the disclosure standards as set forth in *Miranda*. In *State v. Roberts*, the court cited to *Miranda* and found that "a statement obtained during custodial interrogation, in the absence of the requisite warnings, is considered a product of coercive influences and is compelled within the meaning of the Fifth Amendment to the United States Constitution." *State v. Roberts*, 32 Ohio St. 3d 225, 227, 513 N.E.2d 720, 722 (1987). Utilizing the standards set out first in *Miranda* and followed by *Roberts*, this Court must first determine when custodial arrest occurred, and next, determine the existence and sufficiency of any *Miranda* warnings given to Mr. Evans.

A "custodial interrogation" which triggers the requirement that law enforcement officers administer *Miranda* warnings to a suspect is defined as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his or her freedom of action in any significant way. *See Thompson v. Keohane*, 516 U.S. 99, 107, 116 S.Ct. 457, L.Ed.2d 383 (1995); *Miranda* at 444. To determine whether a suspect was in custody at the time of questioning, a court must consider the circumstances

*KORDALIS*
*LAW OFFICE, LLC.*

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

surrounding the interrogation and whether, given those circumstances, a reasonable person would have felt that he or she was at liberty to terminate the interrogation and leave. *Thompson* at 112. In making this determination the courts have considered certain factors to be relevant, including the perception and expectation of the detainee as to his freedom to leave at the conclusion of the interrogation, the atmosphere of the questioning, and whether the interview is in a public or private place. See *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

Prior to questioning, a suspect "must be warned that he has the right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda* at 444. Accordingly, "a defendant who is subjected to custodial interrogation must be advised of his or her *Miranda* rights and make a knowing and intelligent waiver of those rights before statements obtained during the interrogation will be admissible." The test to determine whether a knowing and intelligent waiver was made rests on an inquiry into the totality of circumstances surrounding the interrogation. *Miranda*, 384 U.S. at 475-77. The question of waiver must be determined by looking to "the particular facts and circumstances surrounding the case." *Zerbst*, 304 U.S. at 464.

Whether a confession is voluntary is an issue independent of whether there was "formal compliance with the requirements of *Miranda*." The burden is on the prosecution to show that, considering the totality of the circumstances, the

KORDALIS
LAW OFFICE, LLC.

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

confession was voluntarily given. *Medina v. California*, 505 US 437, 463 (1992). Psychological as well as physical coercion may render a confession involuntary. *Townsend v. Sain,* 372 U.S. 293, 307 (1963), overruled in part on other grounds by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). The relinquishment of the rights established in *Miranda* "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Also, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id. at 421.* If a confession has been made involuntarily, any subsequent conviction cannot stand. *Stroble v. California*, 343 U.S. 181, 190 (1952).

An involuntary confession is inadmissible at trial. *Withrow v. Williams*, 507 U.S. 680, 703 (1993). The admission into evidence of an involuntary confession deprives the defendant of the Fourteenth Amendment right to due process of law. *Jackson v. Denno,* 378 U.S. 368, 376 (1964).

For the foregoing reasons, Mr. Evan's respectfully requests this Court to grant the Motion to Suppress Statements because his statements were obtained in violation of the Fifth and Sixth Amendments to the United States Constitution.

*KORDALIS LAW OFFICE, LLC.*

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

### III. THE SEARCH WARRANT EXECUTED LACKED PROBABLE CAUSE, LACKED PARTICULARITY, AND WAS BASED ON FALSE STATEMENTS, THUS ALL EVIDENCE SEIZED MUST BE SUPPRESSED.

The Fourth Amendment states unambiguously that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Crim.R. 41(C) affords substantially the same rights, "the affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located."

In order for a search warrant to pass constitutional muster, it must comply with all four requirements. In *Groh v. Ramirez*, the Court found that a search warrant failed to comply with the particularity requirement when it provided no description of the type of evidence sought. *Groh v. Ramirez*, 540 U.S. 551, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004). The application for the search warrant stated that the search was for specified weapons, explosives, and records. In the section of the warrant form that called for a description of the "person or property" to be searched, it described respondents' house, not the alleged weapons, and the warrant did not incorporate by reference the application's itemized list. "The fact that the application adequately described those things does not save the warrant; Fourth Amendment interests are not necessarily

KORDALIS
LAW OFFICE, LLC.

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

vindicated when another document says something about the objects of the search, but that document's contents are neither known to the person whose home is being searched nor available for her inspection." *Id.* at 557; *McDonald v. United States,* 335 U.S. 451, 455, 93 L. Ed. 153, 69 S. Ct. 191 (1948). The presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant. *Id.* at 559.

Evidence not specifically described in a search warrant may be validly seized under two theories: (1) based upon evidence known to the officers the articles seized were closely related to the crime being investigated; (2) the officers had reasonable cause to believe the items seized were instrumentalities of the crime. Search warrants can be voided and the fruits of the search excluded if probable cause was based on a false statement in the affidavit. A Franks hearing is an evidentiary hearing where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit. *Franks v. Delaware,* 438 U.S. 154, 155-56, 98 S. Ct. 2674; 57 L. Ed. 2d 667 (1978). If the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment as incorporated by the Fourteenth Amendment requires that a hearing be held at the defendant's request. *Id.* If at the hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is

**KORDALIS**
**LAW OFFICE, LLC.**

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224

insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. *Id.* at 171.

**WHEREFORE**, Defendant respectfully asks this Court for an order suppressing all evidence and statements seized by the officers.

Respectfully submitted,

/s/ Karl Kordalis
KARL KORDALIS 0089697
**KORDALIS LAW OFFICE, LLC**
Attorney for Defendant
130 W. Second Street, Ste. 1818
Dayton, OH 45402
P: (937) 224-1212; F: (937) 226-1224
E-mail: kkordalis@kordalis-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically filed that foregoing with the Clerk of Court by using the Pacer system, which will send a notice of electronic filing to the prosecutor.

/s/ Karl Kordalis
KARL KORDALIS 0089697

**KORDALIS LAW OFFICE, LLC.**

130 W Second St.
Suite 1818
Dayton, Ohio 45402

31. E. Main St.
Xenia, Ohio 45385

P.O. Box 373
Bellbrook, Ohio
45305

P: (937) 224-1212
F: (937) 226-1224